No. 24-2100

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

IN RE: BROILER CHICKEN ANTITRUST LITIGATION

CARINA VENTURES LLC,
    *Plaintiff-Appellant,*

and

SYSCO CORPORATION,
    *Plaintiff,*

v.

PILGRIM'S PRIDE CORPORATION,
    *Defendant-Appellee.*

United States District Court for the Northern District of Illinois
No. 1:16-cv-08637
Hon. Thomas M. Durkin

## JURISDICTIONAL MEMORANDUM OF PLAINTIFF-APPELLANT CARINA VENTURES LLC

Derek T. Ho
  *Counsel of Record*
Collin R. White
Travis G. Edwards
Dustin G. Graber
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com

*Counsel for Plaintiff-Appellant*

July 12, 2024

# INTRODUCTION

Sysco Corporation ("Sysco") filed three separate cases alleging that its suppliers of broiler chicken, beef, and pork products violated the antitrust laws by conspiring to fix prices. One (the "*Broilers*" case) was filed within this Circuit, and the two others (the "*Beef*" and "*Pork*" cases) are pending in two separate MDLs within the Eighth Circuit. This appeal arises because the district court erroneously granted a motion filed by Pilgrim's Pride Corporation ("Pilgrim's") to enforce an alleged settlement with Sysco. *See* ECF No. 7272 ("Opinion & Order"). Pilgrim's and its affiliates are some of Sysco's largest suppliers and alleged members of these cartels.

The Opinion & Order, if permitted to stand, requires: (a) appellant Carina Ventures LLC ("Carina"), the assignee of Sysco's claims and plaintiff in place of Sysco in the *Broilers* litigation, to dismiss with prejudice the case below against Pilgrim's; (b) Sysco to dismiss with prejudice the *Beef* and *Pork* litigations against Pilgrim's affiliates pending in the District of Minnesota (where Carina was not substituted as plaintiff); and (c) Pilgrim's and its affiliates to provide specific types of cooperation against the remaining defendants in all three actions. For reasons that Carina will explain in its upcoming merits brief, the district court ignored the

legal standard that governs settlement-enforcement disputes and improperly resolved disputed fact issues.[1]

This Court has jurisdiction over Carina's appeal now because the Opinion & Order is an injunction directing specific performance of a contract. *See* 28 U.S.C. § 1292(a)(1). Indeed, it purports to direct the conduct not only of parties before the district court (Carina and Pilgrim's in *Broilers*), but also of non-parties in litigations pending in the District of Minnesota (Sysco and Pilgrim's affiliate, JBS, in *Beef* and *Pork*). And though the district court's order did not comply with Federal Rule of Civil Procedure 65(d)'s requirement to embody that injunction in a separate document, that procedural defect does not deprive this Court of jurisdiction; it is one more reason on the merits why this Court should vacate the Opinion & Order.

## BACKGROUND

Sysco is a large food distributor that buys more chicken, beef, and pork products than almost any other purchaser in the United States. Sysco filed an action in *Broilers* alleging that Pilgrim's conspired with other suppliers of broiler chicken products to fix prices in violation of Section 1 of the Sherman Act. *See* ECF No. 686-1. Sysco also brought two similar actions against Pilgrim's parent

---

[1] Sysco has noticed its appeal to the Opinion & Order, *see* ECF No. 7323, and Carina understands that Sysco will seek to join its appeal with this proceeding, *see* Fed. R. App. P. 3(b)(2).

company (JBS S.A.) and affiliates (JBS USA Food Company, JBS Packerland, Inc., and Swift Beef Company) (collectively, "JBS") alleging that JBS conspired with other suppliers of beef and pork products to fix prices in violation of the Sherman Act. The beef and pork litigations are now part of MDLs pending in the District of Minnesota. *See In re Pork Antitrust Litig.*, No. 0:18-cv-01776 (D. Minn.) ("*Pork*"); *In re Cattle & Beef Antitrust Litig.*, No. 0:22-md-03031 (D. Minn.) ("*Beef*").

    In late 2021, Sysco and JBS began discussions about settling all of Sysco's claims against JBS and Pilgrim's. By September 2022, in-house counsel at Sysco and JBS had exchanged emails agreeing on the total amount of money that JBS and Pilgrim's would pay as part of a global resolution in *Broilers*, *Beef*, and *Pork*. But the parties had not reached agreement on other terms material to any resolution of cases of this magnitude and complexity – especially between companies with a significant and ongoing commercial relationship. Both parties thus engaged outside counsel to negotiate those additional terms and memorialize the results in three formal, written settlement agreements – one for each of the three cases.

    Those negotiations continued through the fall of 2022. At no point in those negotiations did either party suggest that a final resolution had been reached in any case. Instead, both parties understood that the resolution only would be final once the parties executed each definitive settlement agreement for the three cases.

3

As of December 2022, the draft settlement agreements called for both Sysco as well as Pilgrim's and JBS to perform specific acts if the agreements became effective. Pilgrim's would pay a certain amount to settle *Broilers* and JBS would pay a certain amount to settle *Beef* and *Pork*, with the total amount equaling the global resolution amount negotiated in August 2022. Sysco would then be obligated to file stipulations dismissing its claims against Pilgrim's and JBS with prejudice in each of the three cases. Pilgrim's and JBS would provide specified cooperation to Sysco in connection with its remaining claims against other defendants in the three cases. And Sysco would agree to reduce any court judgment in the *Broilers* case (as defined in the corresponding settlement agreement) in accordance with the Judgment Sharing Agreement among certain *Broilers* defendants.[2]

But the parties never finally agreed to those terms by executing the draft settlement agreements. Instead, in late December 2022, Sysco informed Pilgrim's

---

[2] The Judgment Sharing Agreement requires the signatory defendants to share the cost of any court judgment according to an agreed-on allocation. But the Judgment Sharing Agreement removes this obligation if any defendant previously settled with the winning plaintiff *and* that settlement agreement included specified language waiving the winning plaintiff's right to seek joint and several liability as to the settling defendant's share of damages. Accordingly, the signatory defendants (including Pilgrim's) have uniformly mandated that any settlements include such language. Unsurprisingly, the draft *Broilers* agreement included that language.

and JBS that it could not agree to the proposed global resolution – and would not execute the draft agreements – because an arbitral tribunal had enjoined Sysco from entering into the settlement due to a dispute between Sysco and Burford Capital LLC ("Burford"), which had provided significant capital to Sysco to fund these actions.³ The draft agreements remained unsigned, and Sysco, Pilgrim's, and JBS continued litigating against each other in the three actions. The subsequent communications between the parties made it clear that they did not believe the cases had been settled or resolved.

In June 2023, Burford and Sysco resolved their dispute by Sysco assigning its claims in *Broilers*, *Beef*, and *Pork* to Carina. Sysco and Carina jointly moved to substitute Carina as plaintiff in the actions under Federal Rule of Civil Procedure 25(c). *See* ECF No. 6630; *see also Beef*, ECF No. 277; *Pork*, ECF No. 1940. The court below granted the motion, and Carina was substituted for Sysco in the *Broilers* litigation. *See* ECF No. 7184.⁴

---

³ Sysco used its *Broilers*, *Pork*, and *Beef* claims as collateral to obtain significant capital from Burford. To avoid an earlier dispute between Sysco and Burford involving Sysco's assignment of some of those claims to its customers, Sysco granted Burford a limited right to consent to settlements (which could not be unreasonably withheld). Burford and Sysco disagreed about the merits of the proposed settlement with Pilgrim's and JBS and the parties ended up in arbitration after Burford objected to the proposed settlement.

⁴ The district court in Minnesota denied Sysco and Carina's joint motion to substitute in the *Beef* and *Pork* litigations, and Sysco remains the named plaintiff notwithstanding the assignment. *See Pork*, ECF No. 2233; *Beef*, ECF No. 698.

After the district court denied Pilgrim's summary judgment motion, Pilgrim's moved to enforce the purported settlement agreement in *Broilers*. *See* ECF Nos. 6851, 6853. Sysco (and, once substituted, Carina) opposed the motion on several grounds, including that the parties never intended to be bound to the draft settlement agreements and that the district court lacked jurisdiction to enforce a global resolution that included cases not pending before it. *See* ECF Nos. 6976, 7227, 7252.

The district court granted Pilgrim's motion after *sua sponte* converting it to a motion to enforce all three settlements – notwithstanding that Pilgrim's explicitly disclaimed such relief and that JBS has a pending motion in the District of Minnesota to enforce the purported *Pork* settlement agreement. *See Pork*, ECF No. 2327. The district court opined that "[t]he objective facts here are emails from August, September, and December 2022 that demonstrate an agreement" and there was "no question as to the terms of the agreement because the parties finalized written draft agreements memorializing the terms in detail." Opinion & Order at 3. The district court also rejected Carina and Sysco's argument that Pilgrim's never performed under the draft settlement agreements, explaining that "[m]ost motions to enforce arise in the context of a lack of final, signed written agreement, and performance is often not appropriate until a court enforces the agreement." *Id.* at 2.

The district court similarly rebuffed Carina and Sysco's argument that the district court lacked jurisdiction to enforce the settlement of Sysco's *Beef* and *Pork* claims.  The court reasoned that because enforcing the settlement would end litigation in the District of Minnesota, such action would not conflict with the MDL statute or cause comity concerns.  *See id*. at 5-7.  Ultimately, the district court concluded that it had "jurisdiction to enforce the agreement because Sysco brought claims against Pilgrim's before th[e] [c]ourt and then agreed to settle them" which meant the district court had "jurisdiction to enforce such an agreement, no matter the scope of the agreement's terms." *Id.* at 7.  Carina then filed this appeal.

## ARGUMENT

**I.     THIS COURT HAS APPELLATE JURISDICTION NOW**

This Court currently has jurisdiction because the Opinion & Order constitutes an interlocutory order "granting" an "injunction[.]"  28 U.S.C. § 1292(a)(1).  Although the district court did not label its order an injunction, that is irrelevant because, as detailed below, "the order operated in substance as an interlocutory injunction."  *Goyal v. Gas Tech. Inst.*, 718 F.3d 713, 717 (7th Cir. 2013); *see also Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 678 (7th Cir. 2019) (appellate jurisdiction exists if the order "ha[s] the practical effect of an injunction on the parties").  And this case

illustrates why "Congress authorized interlocutory appellate review of such orders": if the Court does not correct the Opinion & Order's errors now, "much harm can occur before the final decision in the district court." *Abbott v. Perez*, 585 U.S. 579, 595 (2018). The Court thus should promptly set the case for expedited briefing and argument.

### A.     The District Court's Order is Injunctive in Nature

The Opinion & Order enforcing the purported settlement "ha[s] the effect of an injunction." *Goyal*, 718 F.3d at 717. A "motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1122 (11th Cir. 1991) (quoting *Adams v. Johns–Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989)). And, as this Court (like others) has recognized, "specific performance" is "a type of affirmative injunction." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002); *see Moglia v. Pacific Emps. Ins. Co.*, 547 F.3d 835, 838 (7th Cir. 2008) (explaining that "[a]n injunction is an order of specific performance on the merits, a remedy for a legal wrong").[5] So the relief that

---

[5] *See also Petrello v. White*, 533 F.3d 110, 114 (2d Cir. 2008) ("[W]e have little doubt that if a given specific-performance order is injunctive in character," it "is immediately appealable under § 1292(a)(1) as an injunction[.]"); *Cohen v. Board of Trs. of Univ. of Med. & Dentistry of New Jersey*, 867 F.2d 1455, 1468 (3d Cir. 1989) ("[S]pecific enforcement of contractual undertakings by an order against the person has been regarded as a classic form of equitable relief . . . and if it is granted the order falls within section 1292(a)(1).").

Pilgrim's sought and the district court "granted" – to "enforce" the supposed settlement agreement with Sysco, *see* Opinion & Order at 8 – was injunctive.

The district court's opinion confirms the injunctive nature of its order because it underscores the parties' duty imminently to perform their purported obligations. *See id.* at 2 (explaining that "performance is often not appropriate *until* a court enforces the agreement") (emphasis added). The court said that "[t]he 'heart' of the agreement was to dismiss the claims in exchange for a total amount of money allocated across the three cases." *Id.* at 3. And it alluded to the December 2022 settlement agreement drafts, *see id.*, which called for Sysco to file stipulations dismissing its claims against Pilgrim's and JBS with prejudice in each case and for Pilgrim's and JBS to cooperate in the continued prosecution of Sysco's remaining claims against the other defendants.

The district court's discussion of its jurisdiction's limits reinforces the same conclusion. The court acknowledged that it lacked jurisdiction over the *Beef* and *Pork* litigations and thus had no power to dismiss Sysco's claims. But it nonetheless thought it could effectively "end" "the Minnesota proceedings between Pilgrim's and Carina/Sysco" because "Pilgrim's and Carina/Sysco are parties before th[e] [c]ourt." *Id.* at 6-7; *see also id.* at 6 (noting that enforcing the settlement would mean "[t]here will no longer be any pending claims" against JBS in the District of Minnesota). In other words, the court thought it could effectively

9

terminate Sysco's *Beef* and *Pork* claims – without need for any action by the MDL court in those cases – because it could order Carina and Sysco to "end" their litigation against JBS. *See id.* at 6 ("By enforcing the global settlement agreement, th[e] [c]ourt is not making any ruling or finding that the Minnesota court will be forced to contend with in the future.").

Because the district court's order is an injunction in all but name, this Court has jurisdiction over this appeal under § 1292(a)(1). Indeed, in another case challenging a district court's enforcement of a purported settlement, the Federal Circuit explained that "an order granting specific performance on nonmonetary terms is appealable as an injunction." *PlasmaCAM, Inc. v. CNCElectronics, LLC*, 24 F.4th 1378, 1382 (Fed. Cir. 2022) (citing *Resolution Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1225 (7th Cir. 1993)). That court went on to hold that it had jurisdiction under § 1292(a)(1) because "the district court's order effectually mandated specific performance in requiring [the appellant] to execute the settlement agreement." *Id.* at 1383. The same conclusion holds here. The district court "effectually mandated specific performance" of the draft settlement agreements.

### B. The Opinion & Order's Injunctive Nature Is Sufficiently Clear To Support Appellate Jurisdiction

The district court failed to embody this injunction in a separate document, but its "intent to afford enforceable equitable relief is sufficiently clear to provide

appellate jurisdiction." *MillerCoors LLC v. Anheuser-Busch Cos.*, 940 F.3d 922, 923 (7th Cir. 2019) (per curiam). Rule 65 requires an order granting an injunction to "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). This Court reads that rule "to require that an injunction must be embodied in a standalone separate document." *Auto Driveaway*, 928 F.3d at 676. The district court did not do so.

But "compliance with Rule 65 and appellate jurisdiction are two different things, and . . . what matters for jurisdiction is the practical effect of the order." *Id.* at 677. As the Supreme Court has explained, "Rule 65(d) protects the party against which an injunction is issued by requiring clear notice as to what that party must do or refrain from doing. Where a vague injunction does not comply with Rule 65(d), the aggrieved party has a particularly strong need for appellate review." *Abbott*, 585 U.S. at 598 (addressing 28 U.S.C. § 1253); *see Auto Driveaway*, 928 F.3d at 676-79 (explaining that "[t]he rules of construction and tests for" § 1253 and § 1292(a)(1) "are the same").

For the reasons explained above, the district court's violation of Rule 65(d) thus does not affect this Court's jurisdiction. The Opinion & Order sets out the "heart" of the obligations it enforced: once Pilgrim's and JBS pay the required amount, Carina and Sysco must dismiss with prejudice the claims against Pilgrim's

11

and JBS in the *Broilers*, *Beef*, and *Pork* actions. Nothing more is required to give the Court jurisdiction to resolve this appeal.

### C.     Limited Remand Is Not Warranted

The Court "could" allow the district court to cure its violation of Rule 65(d) by ordering a "remand for the redrafting of the injunction." *Marseilles Hydro Power*, 299 F.3d at 647. But the Court should not do so. Unlike in *MillerCoors*, remand is not necessary to address a jurisdictional complication. *See* 940 F.3d at 923-24 (noting "the disagreement among the circuits about the extent to which preliminary injunctions are subject to modification by a district judge while an appeal is pending"). And there is no reason to expect the district court will alter the substance of its order, rather than simply changing its form.[6]

Yet remand would impose significant costs by delaying much-needed appellate review of the merits of the injunction – which is especially unwise given the complex and "fast-moving litigation" of which this case is a part. *Id.* at 932 (Hamilton, J., dissenting). Here, the district court's opinion and order purports to require Sysco (and Carina) to dismiss cases in not one but *three* fast-moving MDLs. In *Pork*, briefing on summary judgment and *Daubert* motions – portions of which are directed specifically at Sysco and Sysco's experts – is ongoing and

---

[6] If the Court does issue a limited remand, it should specifically direct the district court to promptly specify in a separate document all of the terms of the settlement to which the parties purportedly agreed.

scheduled to be completed later in October 2024. *See Pork*, ECF No. 1927. In *Beef*, fact discovery – including discovery with respect to Sysco – is ongoing and scheduled to be completed in January 2025. *See Beef*, ECF No. 575. And in *Broilers*, litigation on Carina's claims is likely to resume in late 2024 or early 2025, after a pending trial between certain Track 1 Plaintiffs and certain *Broilers* defendants currently scheduled for September 2024 either settles or concludes. *See* ECF Nos. 7037, 7286. Moreover, the district court's order contemplates that Sysco will dismiss the *Beef* and *Pork* litigations with prejudice – actions that may be difficult to reverse, even if this Court vacates the Opinion & Order, because those cases are under the purview of a different court in a different circuit.

Uncertainty over whether Carina and Sysco may proceed in these cases not only jeopardizes Carina and Sysco's rights but also threatens to disrupt the orderly operation of these consolidated cases, which involve dozens of plaintiffs proceeding in parallel. The purported global resolution that the district court enforced impacts Carina and Sysco's ongoing litigation against the other defendants in ways that may not easily be undone. For example, Pilgrim's cooperation – which is mandated by the draft *Broilers* agreement – may shape Carina's claims against the other defendants. Likewise, the judgment sharing provisions in the *Broilers* agreement will undoubtedly influence Carina's trial and settlement calculus as to the other defendants. The importance of prompt merits

13

review far outweighs the limited potential benefits of a limited remand to correct any procedural defect under Rule 65(d). In short, in the factual circumstances of this case, the Court "should not remand now. [It] should promptly address the merits of [Carina's] appeal . . . , and . . . order expedited briefing and argument on the merits" of the appeal. *MillerCoors*, 940 F.3d at 932 (Hamilton, J., dissenting).

## CONCLUSION

For these reasons, this Court has jurisdiction over Carina's appeal.

Date: July 12, 2024

Respectfully submitted,

*/s/ Derek T. Ho*

Derek T. Ho
  *Counsel of Record*
Collin R. White
Travis G. Edwards
Dustin G. Graber
KELLOGG, HANSEN, TODD, FIGEL &
  FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
dho@kellogghansen.com
*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF SERVICE

I certify that on July 12, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Derek T. Ho*
Derek T. Ho
