# Nos. 24-2100, 24-2202

### IN THE
### UNITED STATES COURT OF APPEALS
### FOR THE SEVENTH CIRCUIT

CARINA VENTURES LLC
and
SYSCO CORPORATION,
*Plaintiffs-Appellants,*
v.
PILGRIM'S PRIDE CORPORATION,
*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Case No. 1:16-cv-08637
The Honorable Judge Thomas M. Durkin

## RESPONSE OF DEFENDANT-APPELLEE PILGRIM'S PRIDE CORPORATION TO JURISDICTIONAL MEMORANDUM OF PLAINTIFF-APPELLANT CARINA VENTURES LLC

Debra D. Bernstein
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
1200 Abernathy Road
Suite 1500
Atlanta, GA 30328
(404) 482-3502
debrabernstein@quinnemanuel.com

Michelle Schmit
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
191 N. Wacker Drive
Suite 2700
Chicago, IL 60606
(312) 705-7400
michelleschmit@quinnemanuel.com

July 25, 2024

Michael D. Bonanno
William A. Burck
Christopher G. Michel (Counsel of
    Record)
Rachel G. Frank
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, DC 20005
(202) 538-8000
mikebonanno@quinnemanuel.com
williamburck@quinnemanuel.com
christophermichel@quinnemanuel.com
rachelfrank@quinnemanuel.com

*Attorneys for Defendant-Appellee*
    *Pilgrim's Pride Corporation*

# TABLE OF CONTENTS

Introduction ........................................................................... 1

Background ............................................................................ 1

Argument .............................................................................. 3

I.     This Court Has Jurisdiction Over These Appeals ........................... 3

     A.     The District Court's Decision Is Injunctive In Nature ........... 4

     B.     The Decision's Injunctive Nature Is Sufficiently Clear To Support Appellate Jurisdiction ........................................ 5

     C.     Limited Remand Is Not Warranted ...................................... 7

Conclusion ............................................................................ 7

Certificate of Service ............................................................. 9

## INTRODUCTION

These appeals arise from an order enforcing settlement agreements among Pilgrim's Pride Corporation ("Pilgrim's"), JBS USA Food Company ("JBS"), and Sysco Corporation ("Sysco"). After these agreements were reached, Sysco assigned its claims to Carina Ventures LLC ("Carina"). Although Pilgrim's disagrees with Carina and Sysco on the merits, Pilgrim's agrees that this Court has jurisdiction over the appeals because the district court's order operates as an injunction that compels the parties to comply with the settlement agreements. *See* 28 U.S.C. § 1292(a)(1).

## BACKGROUND

Beginning in late 2021, Pilgrim's and its parent company JBS negotiated the settlement of three litigations with Sysco: the *Broilers* case in the Northern District of Illinois,[1] and the *Pork* and *Beef* cases in the District of Minnesota.[2] The parties agreed Sysco would release its claims in all three cases in exchange for separate payments by Pilgrim's and JBS under three separate settlement agreements. D. Ct. ECF No.

---

[1]  *In Re: Broiler Chicken Antitrust Litig.*, No. 16-cv-08637 (N.D. Ill.).
[2]  *In Re: Pork Antitrust Litig.*, No. 21-md-02998 (D. Minn.); *In Re: Cattle & Beef Antitrust Litig.*, No. 22-md-03031 (D. Minn.).

6853 at 2–3. The parties proceeded to draft three separate settlement agreements, each resolving claims in one of three separate cases (*Broilers*, *Pork*, and *Beef*). *Id.* at 3–6. After the parties agreed to these settlements, Sysco assigned its claims to Carina. *Id.* at 6; D. Ct. ECF No. 6630 Ex. A at 1, 5. The district court later approved Sysco's and Carina's motion to substitute Carina as plaintiff in *Broilers*.[3] D. Ct. ECF No. 7184.

When Sysco refused to honor its contractual commitments under the settlements, Pilgrim's filed a motion to enforce the *Broilers* settlement agreement in the district court. D. Ct. ECF Nos. 6851, 6853. The district court granted Pilgrim's motion, explaining that the "objective facts … demonstrate an agreement," that "[t]here is [] no question as to the terms of the agreement," and that there was "sufficient objective evidence of an agreement to enforce it." D. Ct. ECF No. 7272 ("Op.") at 3. The court added that it could exercise jurisdiction over the settlement agreements in *Beef* and *Pork*. *Id.* at 7. Carina then filed its appeal, and

---

[3] While Sysco never assigned to Carina a claim against Pilgrim's (because that claim was extinguished by the parties' settlement), Sysco did have pending claims against other defendants at the time of the motion for substitution.

Sysco subsequently appealed as well. This Court consolidated the appeals.[4]

## ARGUMENT

## I.   THIS COURT HAS JURISDICTION OVER THESE APPEALS

This Court has jurisdiction over these appeals because the district court's decision constitutes an interlocutory order granting an injunction. 28 U.S.C. § 1292(a)(1). Although the decision is not labeled as an injunction, it has "the practical effect of an injunction," which is sufficient to provide this Court with jurisdiction. *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 678 (7th Cir. 2019). The decision requires the parties to comply with the settlement agreements: Pilgrim's and JBS must make the contractually agreed payments to Sysco, and Sysco must dismiss its claims in *Broilers*, *Pork*, and *Beef*. *See* Op. 3.

In light of the injunctive nature of the district court's decision, its technical noncompliance with Federal Rule of Civil Procedure 65(d) is immaterial. The decision's injunctive effect "is ample for purposes of

---

[4] At summary judgment, JBS also moved to enforce the Settlement Agreement in *Pork*. *In Re: Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.), ECF No. 2327.

appellate jurisdiction; there is thus no need to remand this case to cure the Rule 65(d) defect." *Auto Driveaway*, 928 F.3d at 679; *see also Int'l Ass'n of Fire Fighters, Local 365 v. City of East Chicago*, 56 F.4th 437, 445, n.2 (7th Cir. 2022).

## A.    The District Court's Decision Is Injunctive In Nature

An injunction is "a judicial order that tells someone what to do or not to do." *Garland v. Aleman Gonzalez*, 596 U.S. 543, 549 (2022) (quotation omitted). An order that "substantially and obviously alters the parties' preexisting legal relationship," including "by granting equitable relief," "effectively renders the order a reviewable injunction." *USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499, 511 (7th Cir. 2022) (quotation omitted). Pilgrim's sought equitable relief in the form of a court order mandating the parties' compliance with the terms of the settlement agreements—namely, "to dismiss the claims in exchange for a total amount of money allocated across the three cases." Op. 3. By granting Pilgrim's motion to enforce, the district court required performance under the settlement agreements. *See id.* at 2 ("[P]erformance is often not appropriate until a court enforces the agreement."); *id.* at 6 (noting that its order would require actions that

would "end" the *Pork* and *Beef* proceedings).  Thus, the decision had the "practical effect" of an injunction, rendering it reviewable under 28 U.S.C. § 1292(a)(1).  *Auto Driveaway*, 928 F.3d at 678.

### B.  The Decision's Injunctive Nature Is Sufficiently Clear To Support Appellate Jurisdiction

Although the district court may not have satisfied Rule 65(d) to the letter, this Court has made clear that "'whether a purported injunction is appealable' depends on 'whether it is in sufficient though not exact compliance with Rule 65(d) [such] that a violation could be punished by contempt or some other sanction.'"  *Auto Driveaway*, 928 F.3d at 677 (quoting *Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 276 (7th Cir. 1992)).  "In other words, [courts] may review those injunctions that contain enough content to permit effective enforcement."  *Id.*  Where, as here, "the district court's intent to afford enforceable equitable relief is sufficiently clear," appellate jurisdiction exists regardless of compliance with Rule 65(d). *MillerCoors LLC v. Anheuser-Busch Cos., LLC*, 940 F.3d 922, 923 (7th Cir. 2019).

The decision below lays out the district court's "intent to afford enforceable equitable relief," *id.*, and contains sufficient "content to

permit effective enforcement," *Auto Driveaway*, 928 F.3d at 677. The court was clear in its intention to enforce the settlement agreements among the parties, a "classic form of equitable relief" which "falls within section 1292(a)(1)." *Cohen v. Bd. of Trs. of Univ. of Med. & Dentistry of New Jersey*, 867 F.2d 1455, 1468 (3d Cir. 1989). The district court stated that "performance [of a settlement agreement] is often not appropriate *until* a court enforces the agreement," indicating that its enforcement spurs the parties to act upon the agreements. Op. 2 (emphasis added).

Further, the district court stated that it would "end" the parallel *Pork* and *Beef* proceedings by enforcing the settlement agreements, indicating its expectation that Sysco perform under the settlement agreements by dismissing those actions. *Id.* at 6. The decision thus leaves little doubt about what the parties must do. As Carina states in its jurisdictional memorandum, "once Pilgrim's and JBS pay the required amount, Carina and Sysco must dismiss with prejudice the claims against Pilgrim's and JBS in the *Broilers*, *Beef*, and *Pork* actions." ECF No. 6 at 11–12.

The purpose of Rule 65(d) is to "protect[] the party against which an injunction is issued by requiring clear notice as to what that party

must do or refrain from doing." *Abbott v. Perez*, 585 U.S. 579, 598 (2018) (addressing 28 U.S.C. § 1253); *see Auto Driveaway*, 928 F.3d at 678. The parties clearly know what the district court's order requires them each to do. Thus, the district court's technical violation of Rule 65(d) is not a barrier to appellate jurisdiction.

## C. Limited Remand Is Not Warranted

Although this Court has the power to order a limited "remand for the redrafting of the injunction," *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 647 (7th Cir. 2002), it need not do so, *see Auto Driveaway*, 928 F.3d at 679 ("This is ample for purposes of appellate jurisdiction; there is thus no need to remand this case to cure the Rule 65(d) defect."). Remand is not warranted in this situation because the district court's decision supports appellate jurisdiction, and the settlement agreements are plain as to the parties' obligations thereunder. Remand would merely delay reaching resolution of the merits of the dispute with no benefit for the parties or the Court.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction over these appeals, and the Court should affirm the decision below.

Dated: July 25, 2024

Respectfully submitted,

/s/ Michael D. Bonanno

| | |
|---|---|
| Debra D. Bernstein | Michael D. Bonanno |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | William A. Burck |
| | Christopher G. Michel (Counsel of Record) |
| 1200 Abernathy Road | Rachel G. Frank |
| Suite 1500 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Atlanta, GA 30328 | |
| (404) 482-3502 | 1300 I Street NW |
| debrabernstein@quinnemanuel.com | Suite 900 |
| | Washington, DC 20005 |
| Michelle Schmit | (202) 538-8000 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | mikebonanno@quinnemanuel.com |
| | williamburck@quinnemanuel.com |
| 191 N. Wacker Drive | christophermichel@quinnemanuel.com |
| Suite 2700 | rachelfrank@quinnemanuel.com |
| Chicago, IL 60606 | |
| (312) 705-7400 | |
| michelleschmit@quinnemanuel.com | |

*Attorneys for Defendant-Appellee Pilgrim's Pride Corporation*

8

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system on July 25, 2024. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 25, 2024

/s/ *Michael D. Bonanno*
Michael D. Bonanno
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, DC 20005
(202) 538-8000
mikebonanno@quinnemanuel.com

*Attorney for Defendant-Appellee*
   *Pilgrim's Pride Corporation*