# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

August 14, 2024

Before
FRANK H. EASTERBROOK, *Circuit Judge*
ILANA DIAMOND ROVNER, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*

Nos. 24-2100 & 24-2202

| | |
|---|---|
| IN RE: BROILER CHICKEN ANTITRUST LITIGATION | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| CARINA VENTURES LLC, et al., Plaintiffs - Appellants v. | No. 1:16-cv-08637 |
| PILGRIM'S PRIDE CORPORATION, Defendant - Appellee. | Thomas M. Durkin, *Judge.* |

On consideration of the papers filed in this appeal and review of the short record,

**IT IS ORDERED** that these appeals are **DISMISSED** for lack of jurisdiction.

Generally, an appeal may not be taken in a civil case until a final judgment disposing of all claims against all parties is entered on the district court's civil docket pursuant to Rule 58 of the Federal Rules of Civil Procedure. *See Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333 (7th Cir. 1995); *Cleaver v. Elias*, 852 F.2d 266, 267 (7th Cir. 1988). An exception to this general rule permits an appeal from "interlocutory orders … granting …injunctions," 28 U.S.C. § 1292(a)(1).

The appellants seek to appeal the district court's June 14, 2024, order granting a motion to enforce a settlement agreement. The parties all assert that this order granted an injunction within the meaning of § 1292(a)(1), though they agree that this order fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, which requires (among other things) that an order granting an injunction state its terms specifically and describe in reasonable detail the acts restrained or required. The injunction must also be set forth in a document separate from the court's opinion. *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922 (7th Cir. 2019). The district court's June 14, 2024, opinion merely found that the parties had reached a settlement and stated that the "motion to enforce is granted," but it awarded no specific relief to either party and did not prohibit or require any party to take any specific actions and no separate document providing these details was entered.

We have jurisdiction to review an order under § 1292(a)(1), despite a violation of Rule 65(d), only if the order still "contain[s] enough content to permit effective enforcement." *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 677 (7th Cir. 2019). Here, the appealed order is fatally flawed, to the extent it is intended to be an injunction, in that it fails to provide any relief whatsoever—and "no relief, no injunction." *Id.* The failure to comply even substantially with Rule 65 here "renders the order issued by the district court not an injunction and places [appellants] under no obligations," and thus deprives us of appellate jurisdiction. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 320 (7th Cir. 1995).

form name: **c7_Order_3J**　　(form ID: **177**)